NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 07-CV-130-GFVT

ROBERT CARSWELL                                                    PETITIONER

VS:                         **MEMORANDUM OPINION AND ORDER**

WARDEN, BIG SANDY U.S.P.                                            RESPONDENT

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Robert Carswell, a federal prisoner currently confined in the United States Penitentiary ("U.S.P.")-Big Sandy, in Inez, Kentucky, has submitted a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and he has now paid the $5.00 district court filing fee.

The matter is before the Court for screening.[1]  28 U.S.C. §2243.  During screening, the allegations in the petition are taken as true and liberally construed in his favor.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  However, the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief.  *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

CLAIMS

The Petitioner contends that the Bureau of Prisons ("BOP") has wrongly computed the duration of his sentence.

---

[1] As this is a *pro se* petition, it is held to less stringent standards than those drafted by attorneys.  *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  The allegations in a *pro se* petition must be taken as true and construed in favor of the Petitioner.  *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).

ALLEGATIONS

The Petitioner states that he is serving a 120-month sentence handed down in the United States District Court for the Middle District of Georgia, for his 1993 conviction for violating 18 U.S.C. § 876.  His conviction was affirmed by the United States Court of Appeals for the Eleventh Circuit, and he did not file a motion pursuant to 28 U.S.C. § 2255.

Carswell's claims are difficult to understand.  The following is a construction of the claims he appears to be making in his handwritten responses to questions on a commonly used petition form and in his attached exhibits.  Record No. 2.  Despite beginning with the allegation that he is contesting the execution of his sentence, as is appropriate for Section 2241 proceedings, the rest of the Petitioner's allegations go to his belief that he is serving two illegal sentences, the above-described federal sentence and a state one.  He claims that both sentences "are in violation of the due process/equal protection laws of the United States of America. (Bill of Rights.)."

Attached Exhibit 1 is a copy of the state criminal Judgment, entered after a jury trial in *Georgia v. Carswell*, Bibb County, Georgia, Indictment No. 33496.  Dated June 26, 1990, it shows that the Petitioner was sentenced to 30 years imprisonment, to run concurrently with a probation revocation sentence.  It also provides that after serving 10 years of the 30-year sentence, he could obtain probation for the remaining 20 years.

Carswell also attaches two pages from his 5-page federal Judgment, which is dated March 28, 1994, and provides the following as his federal sentence:

The defendant is hereby committed to the custody of the United States

2

Bureau of Prisons to be imprisoned for a term of 60 months on Ct. 1 and 60 months on Ct. 2 to run consecutively for a total imprisonment of 120 months. Said term of imprisonment shall run consecutive to the state sentence imposed in Superior Court of Bibb County Case No. 33496.

The defendant is remanded to the custody of the United States Marshal.

Exhibit 2 at 5.

Petitioner's final exhibit is a copy of a February 15, 2004 memorandum from a state probation officer in the Macon, Georgia, Probation Office, to the Inmate Systems Manager in the Lewisburg United States Penitentiary, where Carswell was evidently incarcerated in 2004. After giving Carswell's name and federal prisoner number, the state probation officer has written the following, which is the entirety of the contents of the memorandum: "The offender has probation case in Bibb County that does not expire until 06/26/20. It would be appreciated if this office could be notified prior to release date." Exhibit 3.

The Petitioner supplies no additional facts or exhibits.

<u>DISCUSSION</u>

For the reasons discussed below, Carswell's petition will be dismissed, *sua sponte*, without prejudice to his ability to bring another action challenging his state and/or federal sentence at a later time.

The general rule is that 28 U.S.C. §2255 relates to a federal conviction and imposition of a federal sentence and 28 U.S.C. §2254 relates to a state conviction and/or the state sentence. Both challenges must be brought before the trial court. In contrast, a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 is to be brought in the district where a petitioner is incarcerated and may only challenge execution of sentence, such as the computation of parole or

sentence credits.  *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979).

The Petitioner states that he is unhappy with the Bureau of Prisons'("BOP") computation of the duration of his sentence, but he does not state what that duration is or what is wrong with it.  Even had he done so, however, there is a precondition which a prisoner must complete prior to filing such a challenge in federal court.  Prisoners are required to exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. § 2241.  *See Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam); *Hardwick v. Ault*, 517 F.2d 295, 296 (5th Cir. 1975) ("[T]he federal courts have imposed upon federal prisoners the requirement that they `exhaust their administrative remedies in accordance with Bureau of Prisons policy . . . .'").  Moreover, exhaustion of administrative remedies should be implemented to prepare a record.  *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980).

The administrative remedies available to inmates confined in Bureau of Prisons institutions are set out in the Administrative Remedy Program, found at 28 C.F.R. §§ 542.10-.19 (1998).  Section 542.13(a) demands that an inmate first informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy.  If the inmate cannot informally resolve his complaint, then he may file a formal written request (a BP-9 form) to the Warden within "20 calendar days following the date on which the basis of the Request occurred."  *See* § 542.14(a).  If the inmate is not satisfied with the Warden's response, he may appeal (BP-10) to the Regional Director, and, if not satisfied

4

with the Regional Director's response, the inmate may appeal (BP-11) to the Office of General

Counsel.  *See* § 542.15 (a) - (b).

The Court finds that the instant Petitioner has not demonstrated that before he filed

herein, he pursued the BOP administrative remedy scheme to exhaustion, by providing copies of

or detailed descriptions of his arguments and the responses he received from each level of the

BOP.  Therefore, he may not yet proceed to challenge the execution of his sentence pursuant to

28 U.S.C. § 2241.  The Court also finds that Carswell may not proceed on his due process/equal

protection challenges to either his state or federal sentence, for the reasons discussed below.

With regard to the Petitioner's 1990 Georgia sentence, as this Court stated *supra*, the only

avenue to bring his Constitutional claims is via a petition for writ of habeas corpus pursuant to

Section 2254, not Section 2241.  A Section 2254 petition, however, also has an exhaustion pre-

condition which must be satisfied.  To challenge his state conviction or sentence in federal court,

a prisoner must first fully exhaust his available state remedies or prove the futility of doing so.

*Rose v. Lundy*, 455 U.S. 509 (1982); *Matlock v. Rose*, 731 F.2d 1236, 1239-41 (6th Cir. 1984).

A state prisoner must present the substance of every claim he intends to assert in a habeas

petition to all levels of state review before filing in federal court.  28 U.S.C. § 2254(b); *Franklin*

*v. Rose*, 811 F.2d 322 (6th Cir. 1987).  The state's highest court must have an opportunity to

review the claims.  *Castille v. Peoples*, 489 U.S. 346 (1989).  A review of the complaint herein

does not indicate that the instant Petitioner has ever been presented his claims about the Georgia

sentence to the Georgia courts.  Therefore, the claims must be dismissed by this Court.

With regard to Carswell's challenge to his federal sentence, he is advised that for such a

challenge, he must proceed under 28 U.S.C. § 2255.  This statute provides, in pertinent part, as

5

follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence* to vacate, set aside or correct the sentence.

28 U.S.C. § 2255, ¶ 1 (emphasis added).  The language of the statute is clear: the prisoner must move the federal court where his conviction and/or sentence was obtained for relief from that conviction and/or sentence.

Petitioner Carswell's trial court was the United States District Court for the Middle District of Georgia, not this Court.  He has, therefore, come to the wrong federal court to challenge the legality of his federal sentence.  This Court lacks jurisdiction to entertain his claims about that sentence.  In the instant petition, the Petitioner admits that he has not filed a Section 2255 motion in the trial court.

Finally, to the extent that Carswell may have purposely filed a Section 2255 topic in a Section 2241 petition to this Court because the Section 2255 avenue of relief is barred as untimely or for some other reason, it is true that under highly exceptional circumstances, a federal prisoner may challenge his or her conviction or sentence under 28 U.S.C. § 2241, instead of 28 U.S.C. § 2255.  This is conditioned upon his being able to establish that his remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention."  § 2255 (last clause in ¶ 5); *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999).

However, "the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, . . . or because the petitioner is procedurally barred from

6

pursuing relief under § 2255." *Charles,* 180 F.3d at 756. "Finally, the §2255 remedy is likewise

not undermined simply because [Petitioner] has allowed the one-year statute of limitations [for

filing a Section 2255 motion] to expire." *Id.* at  758.

The burden is on the prisoner to prove that his remedy under Section 2255 is inadequate

or ineffective.  *Id.*  Petitioner Carswell has not met this burden.  Thus, he is not entitled to

challenge his sentence under Section 2241.

<u>CONCLUSION</u>

Accordingly, the Court hereby **ORDERS** as follows:

(1)     This action is **DISMISSED**, *sua sponte*, from the Court's docket;

(2)     Carswell's motion for subpoenas [Record No. 5] is **DENIED**, as moot; and

(3)     Judgment shall be entered contemporaneously with this Memorandum Opinion

and Order in favor of the Warden of U.S.P.-Big Sandy.

This the 13th day of August, 2007.

**Signed By:**

*Gregory F. Van Tatenhove*

**United States District Judge**